28 F.3d 1211
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellant,
v.
Marshall PARKER, Defendant-Appellee.
 No. 93-5882.
 United States Court of Appeals, Fourth Circuit.
 Argued June 10, 1994.
Decided July 11, 1994.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. Robert E. Maxwell, District Judge. (CR-91-135)
 ARGUED: Thomas Ernest Booth, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellant.
 James Bryan Zimarowski, Morgantown, West Virginia, for Appellee.
 ON BRIEF: William D. Wilmoth, United States Attorney, Rita R. Valdrini, Assistant United States Attorney, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellant.
 Frank Mascara, Fairmont, West Virginia, for Appellee.
 N.D.W.Va.
 AFFIRMED.
 Before RUSSELL and MICHAEL, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 The defendant-appellee, Marshall Parker, was indicted on three counts of obstructing justice under 18 U.S.C. Sec. 1503. Following a four-day trial, the jury acquitted Parker on Counts One and Three and convicted him on Count Two. After trial, the district court granted Parker's motion for a judgment of acquittal on Count Two, and the government filed this appeal.
 
 
 2
 After reviewing the briefs and the record and considering the arguments of counsel, we conclude that this appeal is without merit. Accordingly, we affirm the judgment of the district court for the reasons stated in its memorandum opinion and order. United States v. Marshall Parker, Cr. Action No. 91-135 (N.D. W. Va. Oct. 7, 1993).*
 
 AFFIRMED
 
 
 *
 In the district court, Parker also moved, in the alternative, for a new trial on Count Two. The district court granted the new trial motion on the condition that "the judgment of acquittal be reversed on appeal." JA 27A. Because we find no error in the order granting judgment of acquittal, we do not address the government's second argument that the district court erred in granting the alternative relief of a new trial